IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN YOUNG, | No. C 14-03550 EJD (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has been granted leave to proceed in forma pauperis. (Docket No. 23.)

**BACKGROUND**

According to the petition, Petitioner was found guilty of second degree robbery, rape, false imprisonment and evading a peace officer after a jury trial in Alameda County. (Pet. at 2.) Petitioner was sentenced to twenty-three years and eight months in state prison. (Id.)

Petitioner appealed his conviction, and the state appellate court affirmed. (Id. at 5.) The state high court denied review. (Id.)

Order to Show Cause
P:\PRO-SE\EJD\HC.14\03550Young_osc.wpd

Petitioner filed the instant federal habeas petition on August 6, 2014.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner claims the following grounds for federal habeas relief: (1) the trial court denied his right to self-representation; (2) the trial court allowed the destruction of exculpatory evidence without allowing Petitioner prior access; and (3) the trial court improperly admitted hearsay evidence. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

C. <u>Proper Respondent</u>

Petitioner has named the "Superior Court" as Respondent in this matter. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. <u>See</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Here, Petitioner is currently incarcerated at the High Desert State Prison where Ron Barnes is currently the Warden. Accordingly, the Clerk shall replace "Superior Court" with Warden Ron Barnes as the Respondent in this matter.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent – Warden Ron Barnes at High Desert State Prison – and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

5. The Clerk shall replace "Superior Court" with Warden Ron Barnes as

1  the Respondent in this matter.

3  DATED: 12/9/2014

   EDWARD J. DAVILA
   United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BRIAN YOUNG,

        Petitioner,

v.

SUPERIOR COURT,

        Respondent.
                                    /

Case Number: CV14-03550 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/10/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Young T-15087
High Desert State Prison
P. O. Box 3030
Susanville, CA 96127

Dated: 12/10/2014

                                          Richard W. Wieking, Clerk
                                          /s/ By: Elizabeth Garcia, Deputy Clerk